UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:09CR342-2 |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | JUDGE SARA LIOI |
| vs. | ) | |
| | ) | MEMORANDUM OF OPINION & |
| NILESH R. PATEL, | ) | ORDER |
| | ) | |
| DEFENDANT. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge William H. Baughman, Jr. (Doc. No. 92) addressing Defendant Nilesh R. Patel's motion (Doc. No. 82) to limit the garnishment of that portion of Patel's assets which are held in accounts with Pershing, LLC. Defendant has filed objections to the R&R. (Doc. No. 93.) The parties participated in a hearing on this matter (Doc. No. 84) and subsequently submitted a joint stipulation of relevant facts (Doc. No. 87). Patel then filed a supplemental brief in support of his motion. (Doc. No. 89.) The government filed a brief in opposition (Doc. No. 90), and Patel replied (Doc. No. 91).

Pursuant to Fed. R. Civ. P. 72(b)(3), this Court reviews *de novo* those portions of the R&R to which a party has properly objected. For the reasons that follow, the objections are **OVERRULED**, the R&R is **REJECTED**, and the motion is **DENIED**.

I.    BACKGROUND

On August 23, 2010, the Court ordered Patel to pay MetroHealth System ("MetroHealth") $628,000 in restitution for losses that Patel caused MetroHealth to incur. (Doc.

No. 34.) Patel is jointly and severally liable for this amount with co-defendant John Carroll. Thomas Greco, the defendant in case no. 1:09CR506, is also jointly and severally liable with Patel and Carroll for $350,000 of the $628,000 loss. Patel appealed his sentence to the Sixth Circuit Court of Appeals on September 1, 2010. (Doc. No. 36.) That court affirmed his sentence on January 31, 2012. (Doc. No. 96.)

Of the $628,000 due, MetroHealth has collected a total of $42,091.40 in restitution from the individuals who are jointly and severally liable.[1] Additionally, on October 21, 2010, MetroHealth received a payment of $553,000 from its insurer, Travelers Casualty ("Travelers"), as compensation for the $628,000 loss. The Travelers payout was subject to a $100,000 deductible. The $553,000 figure thus represented a $528,000 post-deductible payout on the loss plus an additional $25,000 for claim expenses incurred by MetroHealth. MetroHealth has not yet fully recovered the $100,000 deductible amount. Under the terms of the insurance agreement between MetroHealth and Travelers, MetroHealth is obligated to pay to Travelers any restitution it receives from Patel. Accordingly, MetroHealth has, pursuant to a release and assignment executed on October 13, 2010, assigned its right of recovery against Patel to Travelers.

In an attempt to collect more of the owed restitution from Patel, the government filed a writ of continuing garnishment (Doc. No. 69) seeking $243,881.43 in Patel assets held by Pershing, LLC. Patel argues that MetroHealth has been made substantially whole and that, to prevent double recovery by MetroHealth, any continuing garnishment should be capped at

---

[1] There appears to be a slight mathematical error in the parties' joint stipulation of facts. Paragraph 9 of that document states that "$42,091.40 has been collected . . . toward the joint and several restitution owed to Metro Health by Messrs. Carroll, Greco and Patel," but paragraph 2 states that Patel has paid $39,749.45 in restitution while Carroll has paid $2,366.95, for a total of $42,116.40.

2

$57,908.60[2]—MetroHealth's $100,000.00 deductible minus the amounts already collected from the jointly and severally liable individuals. Further, Patel contends that, because his sentence is on appeal, this Court lacks jurisdiction to modify the restitution order by directing payment to Travelers and thus preventing double recovery for MetroHealth.

## II.     REPORT AND RECOMMENDATION

The Magistrate Judge recommends the Court clarify the restitution order to reflect the two-step sequential process set forth in the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3664(j)(1), which provides for payment to an insurer so long as all victims have already been made whole. *United States v. Lara*, Criminal No. 3:08-cr-00169, 2009 WL 3754069, at *2 (D. Conn. Nov. 6, 2009). Specifically, the Magistrate Judge recommends that the order be amended to indicate that (1) garnished funds must first go to MetroHealth to the extent that MetroHealth has still not recouped its $100,000 deductible payment and (2) any amount of garnished funds beyond what are needed to make MetroHealth whole must be paid directly to Travelers to compensate it for its insurance payout to MetroHealth. The total restitution amount of $628,000 would remain the same.

Patel objects to the R&R on two grounds. First, he argues that the Magistrate Judge's proposed clarification of the restitution order cannot be effected in a way that complies with the MVRA, which requires that the victim be fully compensated for its losses. This is because, even if the Court were to require payment of the next $57,908.60 of restitution to MetroHealth, MetroHealth is contractually obligated to turn that money over to Travelers.

---

[2] Patel initially argued that the recovery should be capped at $57, 072.1 (Doc. No. 82 at 1) but now subscribes to the $57.908.60 figure (Doc. No. 89 at 2).

Second, Patel contends that the suggested clarification—adding Travelers as a payee and including additional language directing that all restitution be paid to MetroHealth before Travelers—is in fact a substantive modification that the Court may not make.[3] As he did in his original motion, Patel argues in his objections to the R&R that the pendency of his appeal divests this Court of jurisdiction to make such a change.[4] The government has not filed a reply to Patel's objections.

### III.    DISCUSSION

When fashioning a restitution order, courts must exclude insurance settlements from the initial computation of the amount of restitution owed. 18 U.S.C. § 3664(f)(1)(B).[5] Further, as noted by the Magistrate Judge, § 3664(j)(1) provides, in relevant part, that

> If a victim has received compensation from insurance . . . , the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation.

§ 3664(j)(1). Thus, "the fact that the [victim] may have insurance to cover . . . losses does not relieve [defendant] of his obligation of restitution[.]" *United States v. Gross*, 4 F.3d 991 (table), 1993 WL 361002, at *3 (5th Cir. Sept. 2, 1993).

---

[3] The Court did not name Travelers as a payee in its restitution order since, as of the date on which the restitution order was issued, Travelers had not yet paid any policy proceeds to MetroHealth.

[4] At the time Patel filed his objections, the Sixth Circuit had not yet ruled on Patel's appeal. The appeals court subsequently issued its judgment affirming Patel's sentence on January 31, 2012. (Doc. No. 96.) Patel's jurisdiction objection is therefore moot.

[5] "In no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution."

4

Once the total amount of restitution is determined, however, the defendant is entitled to have that amount reduced by any amount the victim later recovers as compensatory damages for the same loss in any federal or state civil proceeding. 18 U.S.C. § 3664(j)(2); *United States v. Crawford*, 169 F.3d 590, 593 (9th Cir 1999); *see also United States v. Elson*, 577 F.3d 713, 734 (6th Cir. 2009) (holding that restitution award under MVRA must be reduced by any amount the victim receives as part of a civil settlement, which prevents " 'the undesirable result of restitution effectuating a double recovery' " (quoting *United States v. Gallant,* 537 F.3d 1202, 1250 (10th Cir. 2008))). It is a defendant's burden to prove that the victim has already been compensated for its loss or has received double payment. *United States v. Bogart*, 490 F. Supp. 2d 885, 901 (S.D. Ohio 2007) (citing *United States v. Scheinbaum*, 136 F.3d 443, 449 (5th Cir. 1998)); *United States v. Parsons,* 141 F.3d 386, 393 (1st Cir. 1998) (burden of establishing double payment is on defendant).

To date MetroHealth has received $570,091.40[6] in compensation for the $628,000 in losses it sustained due to Patel's conduct. As stated previously, the Magistrate Judge has recommended that the Court clarify the restitution order by identifying Travelers as a payee and requiring that once MetroHealth has been fully compensated for its loss, restitution—in an amount equal to $628,000 minus the compensatory restitution paid to MetroHealth—should be paid to Travelers.

The Court, however, concludes that clarification of the restitution order is unnecessary. Patel has not met his burden of demonstrating that a double recovery will occur under the Court's present restitution order. Therefore, the restitution order can stand as is.

---

[6] This amount is the sum of the $528,000 loss payment from Travelers and the $42,091.40 in restitution already paid by the jointly and severally liable individuals.

5

There is no question that a victim is not entitled to double recovery of its losses. *See, e.g., Elson*, 577 F.3d at 734; *United States v. McDaniel*, 398 F.3d 540, 554-55 (6th Cir. 2005); *United States v. Stanley*, 309 F.3d 611, 613 (9th Cir. 2002) ("The purpose of § 3664(j)(2) is to prevent double recovery by a victim.") (citations omitted). But Patel has not met his burden of demonstrating that MetroHealth will receive double recovery here. To the contrary, pursuant to the release and assignment executed by MetroHealth in favor of Travelers, any restitution payments made to MetroHealth will be turned over to Travelers. *See United States v. Hagan*, 263 F.3d 162, 2001 WL 803535, at *2 (5th Cir. June 7, 2001) (no double recovery where victim entered civil settlement agreement with defendant whereby victim agreed to assign to defendant any judgments obtained in civil or criminal proceedings against codefendants); *United States v. Cummings*, 189 F. Supp. 2d 67, 80 (S.D.N.Y. 2002) ("[A] civil settlement does not preclude an award of restitution so long as there is no double recovery.") (citations omitted). Thus, Patel has not shown that the restitution order as it currently stands will create a double recovery for MetroHealth.

Further, under the language of § 3664(j)(2), subsequent to a court's restitution order, a defendant is entitled to an offset only for amounts the victim later recovers as *compensatory damages* for the same loss in any federal or state *civil proceeding*. *United States v. Brennan*, 526 F. Supp. 2d 378, 388 (E.D.N.Y. 2007) ("By its plain language this section applies to compensatory damages recovered by a victim in a civil proceeding after a court enters a restitution order."); 18 U.S.C. § 3664(j)(2). An insurance payment like the one made by Travelers here is not an award of "compensatory damages" in a "civil proceeding" under § 3664(j)(2). Indeed, § 3664(j)(1)'s subrogation language—providing for payment to a victim's

insurer once the victim has been made whole—demonstrates that an insurance payment will not relieve a criminal defendant of his mandatory restitution obligation.

## IV. CONCLUSION

For these reasons, Patel's motion to limit the garnishment of Pershing, LLC is **DENIED**. Because the Court has rejected the recommendation of the Magistrate Judge, Patel's objections thereto are **OVERRULED**. The full restitution amount shall remain due to MetroHealth, and garnishment of Patel's account should proceed.

**IT IS SO ORDERED**.

Dated: June 28, 2012

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**