UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:09CR342-2 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| NILESH R. PATEL, | ) | |
| | ) | |
| DEFENDANT. | ) | |

    Before the Court is the motion of defendant Nilesh Patel ("defendant" or "Patel") for Relief from Restitution Order and for MetroHealth System ("MetroHealth") to Show Cause Why it should not Disgorge Windfall Obtained as a Result of Compensatory Damage Award (Doc. No. 130 ["Mot"]). The motion is opposed by MetroHealth (Doc. No. 131) and by the government (Doc. No. 132). Patel has filed a reply (Doc. No. 133.)

    On August 23, 2010, the Court ordered Patel to pay MetroHealth $628,000 in restitution for losses that Patel caused MetroHealth to incur. (Doc. No. 34.) Patel is jointly and severally liable for this amount with co-defendant John Carroll. Thomas Greco, the defendant in Case No. 1:09CR506, is also jointly and severally liable with Patel and Carroll for $350,000 of the $628,000 loss. Those loses relate to a conspiracy to defraud MetroHealth by awarding contracts to the East-West Construction Company ("East-West"), Patel's former employer, who, in turn, gave bribes to Carroll and Greco.

    Patel appealed his sentence for conspiracy to commit bribery involving programs receiving federal funds, a component of which was the restitution order, on September 1, 2010.

(Doc. No. 36). The Sixth Circuit Court of Appeals affirmed his sentence on January 31, 2012. (Doc. No. 96.)

In support of his position that the restitution ordered in his case has now been fully satisfied, Patel cites to an arbitration award resolving two civil lawsuits brought by MetroHealth against Patel, East-West, and others. In 2015, an arbitration panel determined that MetroHealth owed monies to East-West for the construction work actually performed, but the arbitration award specifically excluded from the amount due to East-West the monies Carroll and Greco received as bribes. (Doc. No. 130-1 (Arbitration Award) at 1819.) According to Patel, by reducing the amount MetroHealth owed East-West by the value of the improperly paid bribes, MetroHealth has been made whole.

The authority of the Court to resentence a defendant, including the power to modify any restitution order, is limited by statute. *United States v. Houston*, 529 F.3d 743, 748-49 (6th Cir. 2008) (citing *United States v. Ross*, 245 F.3d 577, 858 (6th Cir. 2001)). The Mandatory Victims Restitution Act ("MVRA"), which made restitution mandatory for offenses against property under Title 18, "provides for certain circumstances under which a district court can revisit an order of restitution." *United States v. May*, 500 F. App'x 456, 460 (6th Cir. 2012) (citing 18 U.S.C. § 3664). Relevant to defendant's motion, § 3664(j)(2) allows for a reduction in an order of restitution "by any amount later recovered as compensatory damages for the same loss by the victim in—any State civil proceeding, to the extent provided by the law of the State." 18 U.S.C. § 3664(j)(2)(B). The burden of proving an offset under § 3664 lies with the defendant. *United States v. Elson*, 577 F.3d 713, 734 (6th Cir. 2009) (citation omitted).

By its own language, § 3664(j)(2) only applies to *compensatory damages that the victim*

2

*recovers*. Here, MetroHealth did not recover damages of any kind, compensatory or otherwise. Instead, an award against it was merely reduced by the amount of the bribes. *See Elson*, 577 F.3d at 715 ("funds the victims have not received cannot reduce or offset the amount of losses the defendant is required to repay"). The fact that MetroHealth was not required to compensate East-West for bribes paid out to secure the construction contracts does not equate with "relief *paid* by East-West" in arbitration to MetroHealth, as defendant has suggested. (Mot. at 1811, emphasis added.)

None of the authorities cited by defendant support his inventive position that a reduction in a damages award to a third-party can be deemed compensatory damages in favor of a crime victim. Because defendant has not carried his burden of showing an entitlement to a reduction in restitution, his motion for relief from the restitution order is denied.

**IT IS SO ORDERED**.

Dated: October 27, 2016

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

3